UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60016-GAYLES/AUGUSTIN-BIRCH

**RUDOLPH BETANCOURT,**

    **Plaintiff,**

v.

**MS PROPERTY MANAGEMENT L.L.C.,** *et al.***,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS**

The Honorable Darin P. Gayles, United States District Judge, referred this case to the undersigned United States Magistrate Judge for a report and recommendation on dispositive issues. DE 26. The case now comes before the Court on Defendants Sally Beauty Supply, LLC and M & S Property Management Corp.'s Motions to Dismiss or Strike Plaintiff Rudolph Betancourt's First Amended Complaint. DE 18; DE 21. Plaintiff filed Responses to the Motions, and Defendants did not file Replies. DE 20; DE 23. For the reasons set forth below, the Court recommends that the Motions be **GRANTED IN PART AND DENIED IN PART**.

**I.**    **Plaintiff's First Amended Complaint**

Plaintiff filed a First Amended Complaint against Defendants under the Americans with Disabilities Act ("ADA").[1] DE 13. Plaintiff alleges that he "is a double leg amputee who uses prosthetic devices or a wheelchair to ambulate" and lives in Michigan but frequently visits South Florida. *Id.* ¶¶ 4–5. He further alleges that, on or about October 21, 2023, he visited a beauty

---

[1] Plaintiff also filed the First Amended Complaint against MS Property Management L.L.C., however Judge Gayles subsequently dismissed without prejudice Plaintiff's claim against that entity. DE 17.

salon in Hollywood, Florida that Defendants own and operate, and he "personally encountered or observed several barriers to access" that violate the ADA and the ADA's Accessibility Guidelines. *Id.* ¶¶ 8, 10–13. The First Amended Complaint provides a non-exclusive list of the ADA violations at the beauty salon. *Id.* ¶ 17. Plaintiff states that he "requires an inspection of the Facility in order to photograph, measure and determine all of the discriminatory acts violating the ADA, including specifically those barriers to access concealed by the initial barriers to access which Plaintiff encountered and observed." *Id.* ¶ 18. The relief he requests is a permanent injunction that, among other things, enjoins "Defendants from continuing [their] discriminatory practices," orders "Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA," and closes "the subject Facility until the barriers are removed and requisite alterations are completed." *Id.* at 8.

Defendants filed mirroring Motions to Dismiss or Strike the First Amended Complaint. DE 18; DE 21. They raise two arguments in the Motions. First, Defendants contend that Plaintiff cannot premise his ADA claim on barriers that he did not encounter or know of. Second, Defendants maintain that Plaintiff cannot obtain a permanent injunction that would enjoin them from continuing discriminatory practices or that would close the beauty salon until it is made ADA-compliant.

## II.   Analysis

### A. Unknown Barriers

A court in this District recently ruled on a motion to dismiss in an ADA case involving Plaintiff, other defendants, and a different subject property and, in doing so, resolved the same issue that Defendants raise as their first argument: whether a plaintiff may premise an ADA claim

2

on unknown barriers. *Betancourt v. Pinho*, No. 24-60141-CIV, 2024 WL 1316235 (S.D. Fla. Mar. 28, 2024). That court determined that the defendants made correct and legally supported arguments that (1) "in ADA cases, a plaintiff only has standing to seek redress for barriers actually encountered or of which he had knowledge of at the time of filing the complaint and those barriers must be factually specified in the complaint"; and (2) "a complaint that raises unidentified barriers fails to state a claim." *Id.* at *2 (citing caselaw); *see also Norkunas v. Seahorse NB, LLC*, 444 F. App'x 412, 416 (11th Cir. 2011) ("Norkunas argues that the statutory language of the ADA allows for standing to bring an entire facility into compliance once one barrier is encountered. We reject this construction. . . . Because he did not experience discrimination as a result of his stay in a designated accessible room, he was not discriminated against through barriers contained therein and he does not meet the injury in fact requisite for standing."). The court denied the motion to dismiss but struck the paragraph of the complaint in which Plaintiff sought "an inspection of the Subject Premises in order to photograph, measure and determine all of the discriminatory acts violating the ADA." *Betancourt*, 2024 WL 1316235, at *1, 3; *see* Fed. R. Civ. P. 12(f) (permitting a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter"). This Court agrees with the analysis in *Betancourt v. Pinho*.

In response to Defendants' argument that he cannot premise his ADA claim on unknown barriers, Plaintiff states that "Defendants' counsel filed nearly identical motions to dismiss, on the exact same grounds, in at least four (4) separate cases recently, which were all rejected and denied by the Court." DE 20 at 3–4 (citing four cases); DE 23 at 4 (same). The court in *Betancourt v. Pinho* addressed those same four cases, explaining that, while the court in each case did deny a motion to dismiss, the court in each case also "specifically stated that no claim could be made for barriers not identified in the complaint." *Betancourt*, 2024 WL 1316235, at *2 ("At best, Plaintiff

3

has cited these cases for the proposition that dismissal of the Complaint is not warranted where the Complaint is otherwise sound; at worst, Plaintiff has deceptively implied that including unknown barriers in the Complaint is just fine. It is not. . . . The allegations in paragraph 18 are clearly unnecessary and improper and must be removed."); *see Betancourt v. A & E Reality, L.L.C.*, No. 9:23-cv-80066 (S.D. Fla. May 12, 2023) ("[T]he Court agrees with Defendant that Plaintiff cannot base a claim upon an unknown violation."); *Caplan v. A Car Club, Inc.*, No. 0:23-cv-60458 (S.D. Fla. Apr. 20, 2023) ("However, as this Court has previously held, Plaintiff cannot base his claims on unknown or undiscovered violations. The Court considers the unknown violations to be surplusage." (citations omitted)); *Gil v. Lavi Apartments, LLC*, No. 21-cv-23156, 2021 WL 5359715, at *1 (S.D. Fla. Nov. 17, 2021) (agreeing with the defendants' argument "that Plaintiff cannot seek relief for barriers not identified in the Complaint"); *Longhini v. Royal Palm Com. Plaza Condo. Ass'n*, No. 1:21-cv-21572 (S.D. Fla. July 27, 2021) ("However, the Court agrees with Defendants that Plaintiff cannot state a claim based on unknown or undiscovered violations at the time of the filing of the Amended Complaint. An ADA plaintiff does not have standing to complain about alleged barriers of which he was unaware at the filing of [the] complaint." (alteration and quotation marks omitted)).

Similarly, while Plaintiff's attempt to premise his ADA claim in this case in part on unknown barriers does not warrant dismissing the First Amended Complaint, paragraph 18, in which he seeks to inspect the beauty salon to identify any unknown barriers, should be stricken. The Court recommends that paragraph 18 be stricken.

### B. Scope of a Permanent Injunction

Defendants challenge two of Plaintiff's requests of a permanent injunction. First, Plaintiff requests that a permanent injunction enjoin "Defendants from continuing [their] discriminatory

practices." DE 13 at 8. Defendants contend that such an injunction would be "an impermissible 'obey the law' injunction," and they rely on the case of *S.E.C. v. Goble*. DE 18 at 4; DE 21 at 4.

In *Goble*, the Eleventh Circuit Court of Appeals reviewed the language of an injunction and explained that the court has "repeatedly questioned the enforceability of obey-the-law injunctions" that do "little more than order the defendant to obey the law." 682 F.3d 934, 949 (11th Cir. 2012). The court stated that obey-the-law-injunctions tend to "lack specificity and deprive defendants of the procedural protections that would ordinarily accompany a future charge of a violation" of the law. *Id.* But the court also recognized that Supreme Court precedent dictates "that at times an injunction that orders a defendant to comply with a statute may be appropriate." *Id.* at 950; *see also F.T.C. v. Nat'l Urological Grp., Inc.*, 786 F. App'x 947, 956 n.3 (11th Cir. 2019) ("We have explained that an injunction that simply tells a defendant to obey the law can be too ambiguous to be enforced. But aside from concerns about clarity, there is nothing inherently wrong with an injunction that instructs a party to comply with a specific law."). In another case where a complaint sought an obey-the-law injunction, but no injunction had yet been issued, the Eleventh Circuit stated that it was premature to review whether the injunction would be enforceable, as it was "at least possible that the [plaintiff] could seek injunctive relief that would be specific and narrow enough that the parties would be afforded sufficient warning to conform their conduct." *S.E.C. v. Graham*, 823 F.3d 1357, 1362 n.2 (11th Cir. 2016).

At this stage of the litigation, Plaintiff has requested injunctive relief in the First Amended Complaint. There is no ruling that Plaintiff is entitled to an injunction, and there is no proposed injunction for the Court to evaluate to determine whether the language is sufficiently clear and specific. At such time as issuance of an injunction is imminent, the parties may present their positions on whether any proposed language for the injunction complies with the law. The Court

5

does not recommend that Plaintiff's request for a permanent injunction that would enjoin "Defendants from continuing [their] discriminatory practices" be stricken from the First Amended Complaint.

Second, Plaintiff requests that a permanent injunction close "the subject Facility until the barriers are removed and requisite alterations are completed." DE 13 at 8. Defendants assert that the ADA "does not give the Court authority to order the property to be closed," citing 42 U.S.C. § 12188. DE 18 at 4; DE 21 at 4. However, that statute permits a court to "grant any equitable relief that such court considers to be appropriate" and specifies certain items that an injunction must include. 42 U.S.C. § 12188(a)(2), (b)(2)(A). The statute does not preclude an injunction that would close a premises until it is made ADA-compliant.

Further, courts within this District have stated that they do have authority under the ADA to order that premises be closed. *E.g., Cohan v. Oc1 of Delray, LLC*, No. 9:23-CV-80896, 2023 WL 7109815, at *5 (S.D. Fla. Oct. 27, 2023) ("Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including entering an order requiring Defendants to alter the Premises to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Premises until the requisite modifications are completed."); *Caplan v. Equilliance Ins. & Fin. Corp.*, No. 18-CV-62452, 2019 WL 13260579, at *4 (S.D. Fla. Aug. 22, 2019) ("Pursuant to 42 U.S.C. 12188(a)(2), this Court is provided authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed."). Thus, the Court does not recommend that Plaintiff's request for a permanent

injunction that would close the beauty salon until it is made ADA-compliant be stricken from the First Amended Complaint.

### III. Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that Defendants' Motions to Dismiss or Strike [DE 18; DE 21] be **GRANTED IN PART AND DENIED IN PART**. The Court recommends that paragraph 18 of the First Amended Complaint be stricken and that the remaining relief that Defendants seek through their Motions be denied.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 23rd day of April, 2024.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE